**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

BLOCK CORPORATION                                                                  PLAINTIFF

v.                                                             CAUSE NO.: 1:08-CV-53-SA

JOSE ANIBAL GOMEZ NUNEZ,
a/k/a/ JOSE GOMEZ                                                     DEFENDANT

## ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT

This cause is before the court on Defendant's Motion to Set Aside Default Judgment [61]. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the Court finds as follows:

*A. Factual Background*

Plaintiff Block Corporation filed on March 21, 2008, its complaint against Jose Anibal Gomez Nunez ("Gomez" or "Jose Gomez"). An Amended Complaint, two motions for temporary restraining orders and a Motion for a Permanent Injunction were thereafter personally served on the defendant on March 31, 2008. In that summons, Gomez was notified that he had twenty days to answer the complaint and that the "answer that you serve on the parties to this action must be filed with the Clerk of this Court . . ." After scheduling a hearing on the Motion for Permanent Injunction, Gomez contacted the district court via e-mail to the undersigned's courtroom deputy. The Court liberally construed that e-mail to request additional time to prepare for the hearing. Accordingly, that hearing was rescheduled for April 16, 2008. The mailing address for Defendant used by the Court was the Defendant's house in Columbus because Defendant was personally served on those premises. Because of Defendant's absence from the country, the Court began corresponding with Gomez over electronic mail to ensure that he was made aware of the proceedings. As became the

Court's habit, it would make a notation on the docket stating that a staff member e-mailed the notice to the defendant and another notation was made when the defendant acknowledged receipt of that document. The motion hearing was held on April 16, 2008, and the Court eventually denied the Plaintiff's Motion for Permanent Injunction [35].

On April 29, 2008, the plaintiff moved for entry of default as to Jose Gomez and the Clerk of the Court entered that default [38] because the defendant failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure even though he was properly served. Plaintiff thereafter filed a Motion for Default Judgment. Plaintiff attached to that motion an affidavit outlining the amount of damages sought. The Court felt that an affidavit, in this instance, would not be sufficient and scheduled a hearing to allow Jose Gomez the opportunity to be present. In the meantime, the Court received notification that the Clerk's Entry of Default sent to the Columbus, Mississippi, address noted on the docket as Defendant's address was returned as undeliverable. However, Jose Gomez was actively exchanging e-mails with the Court and counsel opposite during this period.

The hearing on default judgment was originally scheduled for May 28, 2008, although it ended up being reset to May 29, 2008. The Notice of Hearing for the May 29 date was posted on the electronic docket on May 23, 2008. As to Jose Gomez's notice of the particular hearing, this Court on the record at that hearing, articulated the measures taken to notify the defendant. That statement is reproduced below:

> The Court undertook efforts of its own to make contact with Mr. Gomez to inform him of this hearing, and the United States District Court issued a notice in this case, first setting, date, time, and place for a hearing on Motion for Default Judgment for Wednesday, May 28th, 2008, at 9:00. That notice was dated May 21st, 2008. It was an electronic-filed notice. The notice indicates that George Dent received a copy of

2

that notice through electronic notice and also that Mr. Gomez received electronic notice as well as the United States Mail notice.

The date of that notice and the date that is evidenced that he was sent a copy fo the notice also by e-mail from our chambers' office was May 21st, 2008, where Ms. Parker, the courtroom deputy, advises him to see a copy of the notice.

On May 22nd, 2008, Ms. Parker, at my request, asked Mr. Gomez - - I asked her to again e-mail Mr. Gomez to ask him to please acknowledge receipt of the notice. And the body of the e-mail indicates that the notice - - excuse me - - the hearing will be held next week, Wednesday, May 28th, 2008, 9:00, and gives the place and the location for that hearing.

On May 23rd, 2008, again, Ms. Parker requests that Mr. Gomez acknowledge receipt.

Just so the record is clear, it became our mode of correspondence during the preliminary injunction - - permanent injunction matters to ask Mr. Gomez to acknowledge receipt since he was out of the country during these periods of time, and he indeed would acknowledge receipt, and that was our assurance and continuing assurance that he was abreast of the proceedings.

Ms. Parker did, by chambers' e-mail, again notify him May 23, 2008, at 3:07 p.m., of the date, time, and place of the hearing. Now, on May 23rd, it became apparent, for some matters that had to be reset for Wednesday, that we needed to move this hearing to Thursday. So it was on May 23rd that she advises Mr. Gomez in the body of the e-mail that the hearing will be on Thursday, date, time, and place, and asked him to acknowledge receipt.

Again he is noticed on 5/27/2008 of the resetting of the hearing on Thursday. It had come to the Court's attention on 5/23/2008, Mr. Gomez, actually, just a few minutes after the receipt of the e-mail the Court sent on 5/23, he responded. . He acknowledged receipt of our two e-mails, indicated that he was having some trouble getting the text of the notice.

Just for clarity of the record, I would point out that the text of the notice was date, time, and place of the hearing, and that, in fact, was in the body of the e-mail that had been sent to Mr. Gomez on 5/23/2008.

The Court is satisfied that - - pursuant to Rule 55(2), where a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing. The Court is satisfied that we actually have undertaken extra effort to contact Mr. Gomez, in addition to just the electronic notice that he

3

would have received by the system, to make sure that he was aware of this hearing on damages and had an opportunity to attend.

On June 2, 2008, this Court entered a Default Judgment against Jose Gomez in the amount of $12,682,762.92. Five months later, on November 19, 2008, the defendant filed this motion to set aside the default judgment.

*B. Discussion*

Federal Rule of Civil Procedure 55(c) states that a court may set aside a default judgment under Rule 60(b). That Rule articulates six reasons the court may use to relieve a party from a final judgment. Gomez asserts that the first of these applies and that he failed to respond in this lawsuit due to "mistake, inadvertence, surprise, or excusable neglect." See Fed. R. Civ. P. 60(b)(1).

In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), the Fifth Circuit examines the following factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Jenkins & Gilchrist v. Groia & Co., 542 F.3d 114, 119 (5th Cir. 2008). These factors are not exclusive and do not all have to be considered by the court. See Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992). Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. Jenkins & Gilchrist, 542 F.3d at 119. The Fifth Circuit has noted that a "district court need not consider all of the above factors in ruling on a defendant's 60(b)(1) motion; the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" Id.

The Fifth Circuit has held that willful failure to file a responsive pleading alone constitutes

4

sufficient cause for the court to deny a motion to set aside a default judgment. Dierschke, 975 F.2d at 184-85 (noting that where the court finds an intentional failure of responsive pleading, there need be no other finding).

Here, Jose Gomez was sufficiently noticed that this lawsuit was pending. He was personally served on March 31, 2008, at his home in Columbus, Mississippi. Moreover, the settlement negotiations and papers attached to defendant's Motion to Set Aside Default Judgment highlight the fact that Gomez was aware of the litigation in this court. Furthermore, as noted above, to ensure notice was given to the defendant, this Court sent by United States mail and electronic mail all notices and filings in this case. Although some postal mail was returned as undeliverable, no e-mail was ever returned. In fact, Gomez replied to most e-mails acknowledging that he received notifications from the court. At the end of October, this Court received an e-mail notification similar to the one attached to Plaintiff's response that Jose Gomez's e-mail address changed from [joseg662@aol.com](joseg662@aol.com) to [gomezjose16@aol.com.](gomezjose16@aol.com.) As noted on the docket and as evidenced from those e-mails entered on the record at the default judgment hearing, the Court regularly corresponded with Jose Gomez through his [joseg662@aol.com](joseg662@aol.com) e-mail address. Accordingly, Jose Gomez willfully failed to file a responsive pleading; thus, the Court is warranted in denying his motion to set aside default judgment on this point alone.

Aside from his willful failure to respond to the lawsuit, Gomez has failed to present sufficient good cause to set aside the default judgment entered against him. First, the prejudice that would befall Block Corporation were this default to be set aside is greater than the prejudice to Gomez if the court were not to set it aside. From the first filing in this case, the Court and parties were aware that time was of the essence in this lawsuit. Block Corporation was attempting to limit their

damages to the greatest extent possible by acting expeditiously to get their fabric removed from a defendant-controlled warehouse. Block took many steps in that effort, including the motions for temporary restraining order, motion for preliminary injunction, and the settlement negotiations and paperwork the parties have since filed with this court.

Along these same lines, Gomez did not act expeditiously to correct the default. As noted above, the defendant was aware of the pendency of this case, including the multiple hearings scheduled in this case. However, Gomez waited until five months after entry of the default judgment to contest that judgment. Considering the time lines and sequence of events in this particular case, defendant's five month delay in pursuing a motion to set aside weighs in favor of denying that motion.

The defendant now proclaims that he has a meritorious defense to Block's allegations, such that to deny the motion to set aside would be erroneous. Specifically, Gomez alleges that he was an at-will employee and that his signature on the conflict of interest agreement was not binding because there was a lack of consideration. By Amended Complaint, Block Corporation alleged that defendant, Jose Gomez, breached the conflict of interest contract entered into between the two parties, breached the fiduciary duty he owed to Block due to his employment relationship, tortiously interfered with the business relations of Block by purposefully withholding Block's merchandise in a warehouse controlled by the defendant, breached the implied covenant of good faith and fair dealing by failing to perform his obligations under the conflict of interest contract, and wrongfully appropriated trade secrets and documents during and after his employment with Block.

Without delving into the merits of this case, Gomez' status as an at-will employee would not impact or constitute a defense to all of the allegations of Block. Moreover, Gomez' lack of

6

consideration argument would only provide a defense to those allegations that claim he breached the conflict of interest contract. As such, Gomez has not presented to the court why his at-will status and lack of consideration arguments would be meritorious and suffice in setting aside the default judgment. Accordingly, Gomez has not proved that he has good cause to set aside the default judgment.

The Court recognizes that the amount awarded against the individual defendant in this case is burdensome. However, as noted above, Gomez had knowledge of the lawsuit and the requested damages and chose not to respond formally to those allegations. Moreover, the proof entered into evidence during the hearing on default damages, which the defendant was apprised of and chose not to attend, was sufficient.

Accordingly, based on the Jose Gomez's notice and awareness of this outstanding lawsuit against him, the Court finds that Gomez willfully failed to file a responsive pleading and failed to prove that good cause exists to set the judgment aside; therefore, the entry of default judgment was proper in this case.

SO ORDERED, this the   26th   of January, 2009.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**